**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS LLC,**<br><br>Plaintiff,<br><br>**v.**<br><br>**FACEBOOK, INC., ATMOS ENERGY CORP., ATMOS ENERGY SERVICES, LLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., CHARTER COMMUNICATIONS, INC., COMCAST CORPORATION, COMERICA INCORPORATED, COMERICA BANK, EHARMONY, INC., E*TRADE FINANCIAL CORPORATION, E*TRADE BANK, LINKEDIN CORPORATION, MATCH.COM, INC., REGIONS FINANCIAL CORPORATION, REGIONS BANK, RELIANT ENERGY, INC., RELIANT ENERGY RETAIL HOLDINGS, LLC, RESEARCH IN MOTION CORPORATION, CEQUEL COMMUNICATIONS HOLDINGS I, LLC, CEQUEL COMMUNICATIONS, LLC D/B/A SUDDENLINK COMMUNICATIONS, TRUE BEGINNINGS, LLC, T-MOBILE USA, INC., TXU ENERGY RETAIL COMPANY LLC, VERIZON COMMUNICATIONS, INC.,** and **WINDSTREAM CORPORATION,**<br><br>Defendants. | Civil Action No. 6:11cv120<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Unified Messaging Solutions LLC ("Unified Messaging") files this Complaint against Facebook, Inc., Atmos Energy Corp., Atmos Energy Services, LLC, Bank of America

Corporation, Bank of America, N.A., Charter Communications, Inc., Comcast Corporation, Comerica Incorporated, Comerica Bank, Eharmony, Inc., E*Trade Financial Corporation, E*Trade Bank, LinkedIn Corporation, Match.com, Inc., Regions Financial Corporation, Regions Bank, Reliant Energy, Inc., Reliant Energy Retail Holdings, LLC, Research In Motion Corporation, Cequel Communications Holdings I, LLC, Cequel Communications, LLC d/b/a Suddenlink Communications, True Beginnings, LLC, T-Mobile USA, Inc., TXU Energy Retail Company LLC, Verizon Communications, Inc., and Windstream Corporation (collectively referred to as "Defendants") for infringement of U.S. Patent No. 6,857,074 ("the '074 patent"), U.S. Patent No. 7,836,141 ("the '141 patent"), U.S. Patent No. 7,895,306 ("the '306 patent"), and/or U.S. Patent No. 7,895,313 ("the '313 patent").

**THE PARTIES**

1. Unified Messaging is a limited liability company organized and existing under the laws of the State of Texas with principal places of business located in Newport Beach, California and Frisco, Texas.

2. Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business in Palo Alto, California. This Defendant can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3. Defendant Atmos Energy Corp. is a Texas corporation with its principal place of business in Dallas, Texas. This Defendant can be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4. Defendant Atmos Energy Services, LLC (with Atmos Energy Corp., "Atmos") is a Delaware limited liability company with its principal place of business in Austin, Texas. This Defendant can be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. This Defendant does business in the State of Texas and in the Eastern District of Texas.

5. Bank of America Corporation is a Delaware corporation with its principal place of business in Charlotte, North Carolina. This Defendant can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

6. Bank of America, N.A. (with Bank of America Corporation, "Bank of America") is a banking subsidiary of Defendant Bank of America Corporation with its principal place of business in Charlotte, North Carolina. This Defendant can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

7. Charter Communications, Inc. ("Charter") is a Delaware corporation with its principal place of business in Town and Country, Missouri. This Defendant can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

8. Comcast Corporation ("Comcast") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. This Defendant can be served with process through its registered agent, CT Corporation System, at 1515 Market St., Ste. 1210, Philadelphia,

Pennsylvania 19102. This Defendant does business in the State of Texas and in the Eastern District of Texas.

9. Comerica Incorporated is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

10. Comerica Bank (with Comerica Incorporated, "Comerica") is a banking subsidiary of Defendant Comerica Incorporated with its principal place of business in Dallas, Texas. This Defendant can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

11. Eharmony, Inc. ("Eharmony") is a Delaware corporation with its principal place of business in Pasadena, California. This Defendant can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

12. E*Trade Financial Corporation is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

13. E*Trade Bank (with E*Trade Financial Corporation, "E*Trade") is a banking subsidiary of E*Trade Financial Corporation with its principal place of business in Arlington,

Virginia. This Defendant may be served with process through its President, Robert V. Burton, 671 North Glebe Road, 16th Floor, Arlington, Virginia 22203. This Defendant does business in the State of Texas and in the Eastern District of Texas.

14. LinkedIn Corporation ("LinkedIn") is a Delaware corporation with its principal place of business in Mountain View, California. This Defendant can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

15. Match.com, Inc. ("Match.com") is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant can be served with process through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. This Defendant does business in the State of Texas and in the Eastern District of Texas.

16. Regions Financial Corporation is a Delaware corporation with its principal place of business in Birmingham, Alabama. This Defendant can be served with process through its registered agent, Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin Texas 78701. This Defendant does business in the State of Texas and in the Eastern District of Texas.

17. Regions Bank (with Regions Financial Corporation, "Regions") is a banking subsidiary of Defendant Regions Financial Corporation with its principal place of business in Birmingham, Alabama. This Defendant can be served with process through its registered agent, Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701. This Defendant does business in the State of Texas and in the Eastern District of Texas.

18. Reliant Energy, Inc. is a Texas corporation with its principal place of business in Houston, Texas. This Defendant can be served with process through its registered agent, Hugh Rice Kelly, 1111 Louisiana, Houston, Texas 77002. This Defendant does business in the State of Texas and in the Eastern District of Texas.

19. Reliant Energy Retail Holdings, LLC (with Reliant Energy, Inc., "Reliant") is a Delaware limited liability company with its principal place of business in Houston, Texas. This Defendant can be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

20. Research in Motion Corporation ("RIM") is a Delaware corporation with its principal place of business in Irving, Texas. This Defendant can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

21. Cequel Communications Holdings I, LLC is a Delaware limited liability company with its principal place of business in St. Louis, Missouri. This Defendant can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

22. Cequel Communications, LLC d/b/a SuddenLink Communications (with Cequel Communications Holdings I, LLC, "SuddenLink") is a Delaware limited liability company with its principal place of business in St. Louis, Missouri. This Defendant can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209

Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

23. True Beginnings, LLC ("True Beginnings") is a Texas limited liability company with its principal place of business in Irving, Texas. This Defendant can be served with process through its registered agent, Curtis R. Swinson, 12222 Merit Drive, Suite 1000, Dallas, Texas 75251. This Defendant does business in the State of Texas and in the Eastern District of Texas.

24. T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. This Defendant can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

25. TXU Energy Retail Company LLC ("TXU") is a Texas limited liability company with its principal place of business in Dallas, Texas. This Defendant can be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

26. Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its principal place of business in New York, New York. This Defendant can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

27. Windstream Corporation ("Windstream") is a Delaware corporation with its principal place of business in Little Rock, Arkansas. This Defendant can be served with process

through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

**JURISDICTION AND VENUE**

28. Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

29. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

30. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

31. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

**COUNT I**

(INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

32. Unified Messaging incorporates paragraphs 1 through 31 herein by reference.

33. Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover

damages for past and future infringement. A true and correct copy of the ’074 patent is attached as Exhibit A.

34. The ’074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

35. Defendants (excepting for the time being Comcast, SuddenLink, and Windstream) have directly infringed and continue to directly infringe one or more claims of the ’074 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1 and 4, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

36. Unified Messaging has been damaged as a result of Defendants’ infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants’ infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

37. Unified Messaging incorporates paragraphs 1 through 31 herein by reference.

38. Unified Messaging is the exclusive licensee of the ’141 patent, entitled “Systems and Methods for Storing, Delivering, and Managing Messages,” with ownership of all substantial rights in the ’141 patent, including the right exclude others and to enforce, sue and recover

damages for past and future infringement. A true and correct copy of the ’141 patent is attached as Exhibit B.

39. The ’141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

40. Defendants have directly infringed and continue to directly infringe one or more claims of the ’141 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

41. Unified Messaging has been damaged as a result of Defendants’ infringing conduct described in this Count II. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants’ infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III**

(INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

42. Unified Messaging incorporates paragraphs 1 through 31 herein by reference.

43. Unified Messaging is the exclusive licensee of the ’306 patent, entitled “Systems and Methods for Storing, Delivering, and Managing Messages,” with ownership of all substantial rights in the ’306 patent, including the right exclude others and to enforce, sue and recover

damages for past and future infringement. A true and correct copy of the ’306 patent is attached as Exhibit C.

44. The ’306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

45. Defendants have directly infringed and continue to directly infringe one or more claims of the ’306 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

46. Unified Messaging has been damaged as a result of Defendants’ infringing conduct described in this Count III. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants’ infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

47. Unified Messaging incorporates paragraphs 1 through 31 herein by reference.

48. Unified Messaging is the exclusive licensee of the ’313 patent, entitled “Systems and Methods for Storing, Delivering, and Managing Messages,” with ownership of all substantial rights in the ’313 patent, including the right exclude others and to enforce, sue and recover

damages for past and future infringement. A true and correct copy of the ’313 patent is attached as Exhibit D.

49. The ’313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

50. Defendants have directly infringed and continue to directly infringe one or more claims of the ’313 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 11, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

51. Unified Messaging has been damaged as a result of Defendants’ infringing conduct described in this Count IV. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants’ infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## ILLUSTRATIVE INFRINGMENTS

52. Unified Messaging incorporates paragraphs 1 through 51 herein by reference.

53. Facebook has committed direct infringement as alleged in Counts I through IV at least through operation of its “Messages” feature accessible at least through its website, www.facebook.com.

54. Atmos has committed direct infringement as alleged in Counts I through IV at least through operation of its “Message Center” feature accessible through its website,

www.atmosenergy.com.

55. Bank of America has committed direct infringement as alleged in Counts I through IV at least through operation of its online statement delivery service accessible through its website, www.bankofamerica.com.

56. Charter has committed direct infringement as alleged in Counts I through IV at least through operation of its online billing system accessible through one or more of its websites, including web.charter.net.

57. Comcast has committed direct infringement as alleged in Counts II through IV at least through operation of its webmail system accessible through one or more of its websites, including www.comcast.net.

58. Comerica has committed direct infringement as alleged in Counts I through IV at least through operation of its web bill pay service accessible through one or more of its websites, including www.comerica.com.

59. Eharmony has committed direct infringement as alleged in Counts I through IV at least through operation of its communication feature accessible through one or more of its websites, including www.eharmony.com.

60. E*Trade has committed direct infringement as alleged in Counts I through IV at least through operation of its account activity service accessible through one or more of its websites, including www.etrade.com.

61. LinkedIn has committed direct infringement as alleged in Counts I through IV at least through operation of its “Messages” feature accessible through one or more of its websites, including www.linkedin.com.

62. Match.com has committed direct infringement as alleged in Counts I through IV at least through operation of its "Emails" feature accessible through one or more of its websites, including www.match.com.

63. Regions has committed direct infringement as alleged in Counts I through IV at least through operation of its online banking service accessible through one or more of its websites, including www.regions.com.

64. Reliant has committed direct infringement as alleged in Counts I through IV at least through operation of its "Previous Bills" feature accessible through its website, www.reliant.com.

65. RIM has committed direct infringement as alleged in Counts I through IV at least through operation of its webmail system accessible through one or more of its websites, including my.blackberry.com.

66. SuddenLink has committed direct infringement as alleged in Counts II through IV at least through operation of its webmail system accessible through one or more of its websites, including account.suddenlink.net.

67. True Beginnings has committed direct infringement as alleged in Counts I through IV at least through operation of its "My Inbox" feature accessible through one or more of its websites, including www.true.com.

68. T-Mobile has committed direct infringement as alleged in Counts I through IV at least through operation of its online billing service accessible through one or more of its websites, including www.tmobile.com.

69. TXU has committed direct infringement as alleged in Counts I through IV at least through operation of its "Bill History" feature accessible through its website, www.txu.com.

70. Verizon has committed direct infringement as alleged in Counts I through IV at least through operation of its online billing service accessible through one or more of its websites, including netmail.verizon.net.

71. Windstream has committed direct infringement as alleged in Counts II through IV at least through operation of its webmail system accessible through one or more of its websites, including webmail.windstream.net.

**JURY DEMAND**

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Unified Messaging requests that the Court find in its favor and against Defendants, and that the Court grant Unified Messaging the following relief:

a. Judgment that one or more claims of the ’074, ’141, ’306, and ’313 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b. Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants’ infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants’ infringing activities and other conduct complained of herein;

d. That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants’ infringing activities and other conduct complained of herein; and

e. That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: March 15, 2011**

Respectfully submitted,

/s/Edward R. Nelson, III (w/permission WH)
Edward R. Nelson, III
Texas State Bar No. 00797142
Attorney-in-Charge
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**